# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS

## FOURTH DISTRICT—AUGUST TERM, 1892.

## Medley et al. v. The People.

1. *Conspiracy.*—Statement of the facts constituting the offense, is contained in the opinion of the court.

2. *Evidence—Statements Made at the Time of Doing an Act.*—The statement of a party, made at the time of doing an act, may be shown in evidence in connection with, and as a part of the act. So, where a party, claiming to have deposited a sum of money in a bank to the credit of a third party, a clerk of the bank who testified that no money had been deposited to the credit of said party, was asked, on cross-examination, whether, at about the time in question, a deposit had been made, and, having answered in the affirmative, he was then asked, "What was said at the time by the party making the deposit?" *It was held*, that an objection to the question was properly overruled.

3. *Evidence—Contents of a Lost Letter.*—A witness, upon the trial of two persons upon the charge of conspiracy, was permitted to testify to the contents of a letter written to her by one of the defendants. It appeared from the evidence of the witness that this defendant had been in correspondence with her for some time, in regard to the sale of certain property, and when the other defendant visited her for the purpose of procuring a bill of sale of the property, he took the letter from a basket in her room. Under this state of facts, *it was held* proper to allow proof of the contents of the letter, it sufficiently appearing that the defendants were acting in concert.

4. *Conspiracy—Failure to Accomplish the Common Purpose.*—Where an indictment for a conspiracy sufficiently charges the offense, and it sufficiently appears from the evidence that the defendants were acting in concert, the fact that they did not succeed in accomplishing their purpose, does not affect the question. Conspiracy to do a

(218)

thing, and an effort made to carry out a common purpose, may be sufficient to constitute the charge of conspiracy; it not being necessary for the conspirators to succeed in their design.

5. *Instructions Based upon Evidence.*—Instructions should be given with reference to the facts of the case. So, where the proofs showed that two persons took possession of a building by direction of the agent of the owner, who proposed to sell it and to execute a conveyance of it to them, both parties treating the same as personal property, and as severed from the land, an instruction stating—"If one person takes possession of and makes improvements on the real estate of another without authority of the owner, such improvements inure to the benefit of the owner, and the person so taking possession does not thereby take a valid claim in law on such real estate; and if, in such cases, the owner sells the property on fraudulent pretenses or misrepresentations made to him by her, this is not obtaining property from the person taking possession as aforesaid by false pretenses," is not proper.

6. *Improvements, etc.—When They Do Not Inure to the Owner of the Land.*—Where a person takes possession of a building by direction of the agent of the owner, and with the understanding that he is to have a bill of sale of the same at an agreed price, both persons treating it as personal property, and as severed and disconnected from the land, and a license to use the land, then such person can enter on such land and make improvements without such improvements becoming the property of the owner of the fee.

7. *Instructions Based on Particular Parts of the Evidence.*—An instruction predicated upon a particular part of the evidence, and which selects out a single feature, on which it is based, and ignores other evidence, or which selects a particular branch of the testimony and calls specific attention to it without alluding to the gist of the main question at issue, and seeks to make the case turn on relative rights not in issue, is improper.

**Memorandum.**—Indictment for a conspiracy. Appeal from a conviction in the Circuit Court of Clay County; the Hon. Carroll C. Boggs, Judge. Heard in this court at the August term, A. D. 1892, and affirmed. Opinion filed September 8, 1893.

The opinion states the case.

Rufus Cope, for appellants.

Appellees' Brief, H. W. Shriner, State's Attorney.

There may be a conspiracy to do a thing, although the accomplishment of it may be impossible. Ochs v. People, 124 Ill. 399.

As to the law bearing upon the evidence to show a conspiracy, see 3 Greenleaf, Sec. 93; Wharton on Criminal Law, Sec. 1398; State v. Sterling, 34 Iowa, 443; Cowen v. People, 14 Ill. 348.

To constitute the crime of conspiracy it is not necessary that the conspirators should succeed in their design, nor is any overt act necessary to complete the crime. The offense is complete the moment the plan is made to pursue the common purpose. State v. Ripley, 31 Me. 386; Alderman v. People, 4 Mich. 414; State v. Pulle, 12 Minn. 164; State v. Straw, 42 N. H. 393.

OPINION OF THE COURT, PHILLIPS, P. J.

This is an indictment against appellants for a conspiracy. Sarah Hawkins, a resident of the State of Indiana, was the owner of a certain building in Flora, Illinois, which she offered for sale, and appellant, William E. Richey, was her agent. Hirsh Ettleson and Hugh McGee were desirous of obtaining the building for the purpose of establishing an evaporating business. Richey, as agent for Mrs. Hawkins, directed Ettleson and McGee to take possession of the building, and stated that a bill of sale would be made by Mrs. Hawkins to them for the same, for the price and consideration of $200, and after they took possession they expended on the building the sum of about $1,000 in repairs and getting it ready for their evaporation business, and had promised Richey, as agent for Mrs. Hawkins, that they would pay her the $200 therefor. Richey was to procure the bill of sale. The contract price was finally agreed upon and bill of sale made out and sent to Mrs. Hawkins with instructions to sign and send it to First National Bank.

The bill of sale was made out on the 7th day of August, for the conveyance of the property to Ettleson, and it was inclosed to Mrs. Hawkins, and she asked to sign it, and send it to First National Bank, at Flora, to be delivered, on payment of $200. Mrs. Hawkins signed the bill of sale, and sent it to Richey, as her agent. Ettleson from time to time inquired of Richey as to whether the bill of sale had been

returned, and he replied that he did not know, and instead
of delivering the bill of sale to Ettleson, delivered it to
Medley, his co-defendant, and at the same time delivered a
letter addressed to Mrs. Hawkins, in which he stated that
Ettleson and McGee had failed, and had gone to Chicago,
and introducing Medley, and advising her to take $175,
for the building, Richey then well knowing that Ettleson
and McGee were still preparing for their business, and were
almost daily inquiring for the bill of sale, and had already
expended the sum of about $1,000 in fitting up said build-
ing.   Medley, after procuring the bill of sale, claimed the
property from Ettleson and McGee, and ordered them
to do nothing toward removing any part of the machinery
or repairs put on the building by them.   The indictment
substantially sets forth the ownership of the property as
being acquired by Ettleson and McGee, who had taken pos-
session of the same, and transformed it at an expense of
more than $2,000, into an evaporating establishment, upon
the promise of Sarah Hawkins, through her agent, that
a bill of sale of the property should be delivered to Ettle-
son on the payment to the agent of $200, and that
Ettleson stood ready and willing to pay the sum of $200
upon the presentation of the bill of sale, and the defendants
feloniously conspired to obtain the establishment from
Ettleson and McGee by false pretenses to them and Sarah
Hawkins, with an intent to cheat and defraud Ettleson and
McGee.   It sufficiently appears that Ettleson placed in the
bank the sum of $200, to be used in paying for the prop-
erty.

Ettleson, when called as a witness, stated that he had
deposited $200 in the bank to the credit of Mrs. Hawkins
to pay for the property, and one of the clerks of the bank,
being called by defense, testified that no money had been
deposited by Ettleson to the credit of Mrs. Hawkins, but on
cross-examination was asked whether at about the time
mentioned, as stated by Ettleson, a deposit of $200 had been
made, and answered in the affirmative, and was then asked
as to what was said by Ettleson at the time of such deposit,

which was objected to and objection overruled, and the defendants then and there excepted. And thereupon the witness answered: "This is to buy that property." The admission of this evidence is assigned as error. The statement of a party made at the time of doing an act may be shown in evidence in connection with, and as part of that act, and it was not error to allow the question to be answered. It is further insisted that the court erred in allowing the witness, Sarah Hawkins, to testify to the contents of a letter written her by Richey. Her evidence discloses the fact that Richey had been in correspondence with her, and when Medley, one of the defendants, visited her for the purpose of trying to procure a bill of sale for the property, a letter from Richey to her delivered, and by her placed in a work basket in her room, where Medley was then sitting, with another written by Richey, she says was taken from the basket by Medley. Under that state of facts, where the letter was thus taken possession of by one of the defendants as appears from this evidence, it was proper to allow proof of the contents of the letter, and the admission of that evidence was not error.

It sufficiently appears from this evidence that Richey and Medley were acting in concert for the purpose of endeavoring to procure the title to the property and get possession of the property, which was greatly increased in value by the expenditures made by Ettleson and McGee, and the indictment sufficiently charges the offense and ownership of the property; and the fact that they did not succeed in procuring the title, or did not succeed in getting possession of it, does not affect the question.

Conspiracy to do a thing, and an effort made to carry out that common purpose, may be sufficient to constitute the charge of conspiracy, it not being necessary for the conspirators to succeed in their design. The defendant asked the court to instruct the jury, if one person takes possession of and makes improvements on real estate without authority of the owner, such improvements inure to the benefit of the owner, and the person so taking posses-

sion does not thereby take a valid claim in law on such real estate; and if, in such cases, the owner sell the property on fraudulent pretenses, or misrepresentations, made to him by her, this is not obtaining property from the person taking possession, as aforesaid, by false pretenses, which instruction the court modified by striking out the words "authority from the owner," and inserting in lieu thereof "in good faith, believing they have a right to do so," and to the modification of that instruction the defendants then and there excepted. Instructions should be given with reference to the facts of the case, and if Ettleson and McGee entered into possession of the property by direction of the agent of the owner thereof, who proposed to sell the building, and execute a bill of sale therefor, and both parties treated same as personal property, and as severed and disconnected from the land, and a license to use the land, then Ettleson and McGee could enter on such land and make improvements, without such improvements becoming the property of the owner of the fee, and hence the modification of the instruction was not erroneous. It is also insisted that the court erred in refusing the eighth instruction, which was as follows:

"In the second count of the indictment it is charged that Richey received a certain bill of sale, made by Sarah Hawkins to one Ettleson, and in regard to said bill of sale he acted as agent of Mrs. Hawkins; but if it appears that it was sent to him not at his own instance, and in disregard of his direction, he did not become agent by virtue of the bill of sale being sent to him through the mail, and he had a right to return it." This instruction is on a particular part of the evidence, and selects out a single feature, on which it was based, and ignored other evidence, and hence its refusal was not erroneous.

Errors are assigned in refusal of the ninth instruction, which was as follows: "The obtaining of a bill of sale from Mrs. Hawkins for the building that was standing on her lands, does not constitute the offense. But, in order to make out the offense, it must appear that Ettleson and McGee

actually had an interest of ownership in the property in question, and if their interest depends upon a conveyance by bill of sale from Mrs. Sarah Hawkins, which bill of sale had not yet been delivered, this is not sufficient to answer the description of the offense charged in the indictment, and in such case you must find defendants not guilty."

The charge in the indictment is conspiracy to defraud Ettleson and McGee. The evidence in the record shows that Richey, as agent, stated the price at which the building could be purchased, and, as agent, authorized Ettleson and McGee to enter into possession, and by reason of information conveyed to the owner of the property that was accepted by her, she made a bill of sale, and sent it to her agent to be delivered, and that agent, conspiring with Medley, delivered the bill of sale to Medley, and sought to have it returned to Mrs. Hawkins, and procure her bill of sale to be made to Medley, and the ninth instruction sought to narrow the evidence to the fact that the bill of sale to Ettleson and McGee had not been delivered, and it was not error to refuse that instruction.

The tenth instruction, the refusal of which is assigned as error, is: "If it appears, from the evidence, that Ettleson and McGee took possession of the property in question, relying on the telegram of Mrs. Hawkins that she wanted $200 for the frame, and that no purchase was ever consummated, and that no other contract for the property was ever consummated, then defendants are not liable, under the indictment, for obtaining a bill of sale from Mrs. Hawkins to defendant Medley, though obtained by misrepresentation. Ettleson and McGee, under such circumstances, would have no legal ground to object to the sale from Mrs. Hawkins to defendant Medley, even though such sale was procured through false representations made to her." This instruction is objectionable for the same reason as the eighth instruction, as it selects a particular part of the evidence, and entirely disregards the question as to whether the conspiracy was to defraud Ettleson and McGee. The eleventh instruction, the refusal of which is assigned as

error, was : " Two telegrams read in evidence, though sent and received by the parties to whom sent, did not constitute a sale of the premises, and Ettleson and McGee could not acquire any interest in said property by reason of said telegram alone, and if they went into the possession of the property only on the authority of said telegram, they took the chances of being dispossessed, and the owner of the property had the right to sell it to any one else, regardless of them." Like the eighth and tenth instruction, this selects a particular branch of the testimony and calls specific attention to it, without alluding to the gist of the question charged in the indictment, and seeks to make the case turn on the relative rights of Ettleson and McGee with Mrs. Hawkins.

It was not error to refuse the eighth, ninth, tenth and eleventh instructions. The evidence sustains the verdict, and we find no error in the record. The judgment is affirmed.